IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Patrick Furman Brown, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 5:06-98-PMD |
| | ) | Crim. No.: 5:98-262 |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court upon Patrick Furman Brown's ("Brown") motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The Government has filed a response and a motion for summary judgment. For the reasons set forth herein, the court dismisses Brown's motion.

**BACKGROUND**

On January 20, 1999, a jury convicted Brown of the following: (1) conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1); (2) three counts of distribution and possession with intent to distribute crack, in violation of 21 U.S.C.A. § 841(a); and (3) using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c). Notably, Brown's case involved a drug deal in which Brown left the house from which he sold crack in order to confront a group of men whom he believed were interfering with his business. During this confrontation, Brown argued with one of the men, Blackwell, and shot and killed him.

After Brown's conviction, the district court sentenced him to life imprisonment on the conspiracy count, to three concurrent 480-month terms on the distribution counts, and to a consecutive 60-month term on the firearms count. The sentencing order was silent as to the

application of the guidelines, but the transcript of the hearing indicated that the district court arrived at the life sentence on the conspiracy count by applying the cross-reference in U.S.S.G. § 2D1.1(d)(1) to the first degree murder guideline in U.S.S.G. § 2A1.1.[1]  The district court reasoned that the murder occurred during the course of a drug trafficking conspiracy and was premeditated.

Brown appealed, and the Fourth Circuit affirmed both his conviction and his sentence.  *See United States v. Brown,* 246 F.3d 668 (4th Cir. 2000).  Brown then petitioned the Supreme Court for a writ of certiorari on the ground that the Fourth Circuit's decision was in conflict with the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.").  On February 20, 2001, the Supreme Court granted Brown's petition, vacated the Fourth Circuit's decision, and remanded the matter for further consideration in light of *Apprendi*.  *See United States v. Brown,* 531 U.S. 1136 (2001).

On remand, the Fourth Circuit found that imposing a life sentence by using the murder cross-reference violated the guidelines, and that because the drug quantity was not charged in the indictment, Brown's maximum prison term for the multiple convictions would be 85 years.  *United States v. Brown,* 2002 WL 704651, *3 (4th Cir. 2002).  The court vacated Brown's life sentence and remanded for resentencing, but the court affirmed the judgment in all other respects.  *Id.* at *4.

Thereafter, Brown filed a *pro se* petition for a panel rehearing, which the court granted.[2]  On

---

[1] This guideline sets a base offense level of 43, resulting in a presumptive life sentence in all cases.  *See* U.S.S.G. Ch.5, Pt. A.

[2] Notably, Brown's attorney filed a motion to withdraw the petition for rehearing, but the court denied this motion.

2

rehearing, the panel concluded, as it had earlier, that the life sentence resulted in plain error that significantly affected Brown's substantial rights. *See United States v. Brown,* 2002 WL 1766598 (4th Cir. April 24, 2002). However, the court declined to notice the error in Brown's life sentence "because the error 'did not seriously affect the fairness, integrity, or public reputation of judicial proceedings'" in that "the evidence was 'overwhelming' and 'essentially uncontroverted' that the conspiracy involved a threshold drug quantity sufficient to support an enhanced sentence under 21 U.S.C. § 841(b)(1)(A)." *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 632 (2002)).[3] Brown again petitioned the Supreme Court for a writ of certiorari, and the Supreme Court denied that petition on January 27, 2003.

Subsequently, on September 5, 2003, Brown filed his first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. The sole issue raised in Brown's first § 2255 motion was whether his trial counsel was ineffective by failing to object to an improper jury instruction. The Government filed its response to the motion and moved for summary judgment on October 15, 2003. On February 3, 2004, this court issued an Order denying Brown's motion and granting the Government's motion for summary judgment.

On August 5, 2004, Brown petitioned the Fourth Circuit Court of Appeals for a writ of

---

[3] Before *Cotton,* the Fourth Circuit did not analyze the question of whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings in deciding whether to notice the error. On May 20, 2002, approximately a month after the Fourth Circuit considered Brown's appeal and before his petition for rehearing was submitted, *Cotton* announced a rule that required the court to conduct this additional inquiry. "[B]efore an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Cotton,* 535 U.S. at 631 (citing *Johnson v. United States,* 520 U.S. 461, 466-467 (1997)). After these three conditions are met, an appellate court "may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotations omitted).

mandamus seeking an order directing the district court to resentence him in light of the Supreme Court's decision in *Blakely v. Washington*, 524 U.S. 296 (2004). The Fourth Circuit denied the petition on November 30, 2004. *In Re: Brown*, 2004 WL 2712448 (4th Cir. Nov. 30, 2004).

Thereafter, on January 8, 2006, Brown filed a motion for authorization to file a second or successive application for relief, as required by 28 U.S.C. §§ 2244 and 2255. On February 9, 2006, the Fourth Circuit denied Brown's request to file a second or successive application.

On January 11, 2006, Petitioner filed the instant § 2255 motion, arguing that the United States Supreme Court's decision in *United States v. Booker*, 534 U.S. 220 (2005), renders his sentence unconstitutional. The Government responded to Brown's motion, asserting that the district court does not have jurisdiction to hear this matter because the Fourth Circuit denied Brown's request to file a second or successive application. Alternatively, the Government moved for summary judgment on Brown's motion.

## **STANDARD OF REVIEW**

Brown proceeds under 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court has thoroughly reviewed the motions, files, and records in this case and finds that no hearing is

4

necessary.

## **DISCUSSION**

In his petition, Brown admits that he previously filed a motion under 28 U.S.C. § 2255, which this court denied on February 3, 2004. Pursuant to 28 U.S.C. § 2255, a petitioner who seeks to file a second or successive motion under § 2255 must first obtain certification as provided in § 2244 by a panel of the appropriate court of appeals. *See* 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Brown sought certification from the Fourth Circuit Court of Appeals to file his second § 2255 motion, but the Fourth Circuit denied his request on February 9, 2006. Therefore, as the Government properly contends, this court does not have jurisdiction to consider Brown's second § 2255 motion. Accordingly, the court must dismiss Brown's § 2255 motion.

**CONCLUSION**

It is therefore, **ORDERED**, for the foregoing reasons, that Brown's § 2255 motion is **DISMISSED**.

AND IT IS SO ORDERED.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**May 30, 2006**

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.